UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 98-19-01T |
| | : | |
| LUIS A. RIVERA | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on March 23, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of twenty-four (24) months of incarceration, followed by a term of supervised release for a period of thirty-six (36) months. I further recommend that, while on supervised release, Defendant participate in a mental health treatment program as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to pay for his supervision at the rate of $249.72 and to pay the outstanding balance ($6,442.88) of his fine.**

**Background**

On October 13, 2006, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On October 17, 2006, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was incarcerated at the ACI on related state charges from September 26, 2006 until his appearance in this Court on March 23, 2007. On March 23, 2007, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On September 14, 2006, Mr. Rivera committed the offense of Reckless Driving.
>
> **The defendant shall not associate with any persons engaged in criminal activity.**
>
> On September 14, 2006, Mr. Rivera operated a motor vehicle occupied by Angel L. Paneto, an individual who was in possession of a plastic bag of marijuana.
>
> **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**
>
> Mr. Rivera failed to notify the U.S. Probation Department of his September 14, 2006 arrest for Reckless Driving.
>
> **While on supervision, the Defendant shall not commit another federal, state or local crime.**
>
> On September 26, 2006, Mr. Rivera committed the offense of Manufacture/Delivery/Possession of a Schedule I/II Controlled Substance (Cocaine).

> **While on supervision, the defendant shall not illegally possess a controlled substance.**
>
> On September 26, 2006, Mr. Rivera advised United States Probation Officer David S. Borrelli that he had a small bag of marijuana in his home as well as the remains of an "eight ball" of cocaine.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is three years for Counts I and IV, however, the maximum term of supervised release is life for Counts II and III. The maximum term of three years' supervised release has already been imposed for Counts I and IV, and a term of three years' supervised release has been imposed for Counts II and III to run concurrently with Counts I and IV. Therefore, supervised release on Counts II and III can be extended up to life.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony,

or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony for Count I, a Class B felony for Counts II and III, and a Class D felony for Count IV. Therefore, he may not be required to serve more than two years' imprisonment upon revocation for Counts I and IV, and three years on Counts II and III.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is thirty-six months as to Counts I and IV and life for Counts II and III. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximums, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct

constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which

revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding fine in the amount of $6,442.88.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twenty-four to thirty months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was found guilty in 1998 by a jury of two drug trafficking and two firearm offenses. He was sentenced to a total of sixty months' imprisonment to be followed by three years' supervised release with special conditions. Defendant commenced his supervised release term on January 13, 2006.

Defendant has had difficulty in his transition from incarceration to the community. In March 2006, Defendant expressed concern to the Court regarding his mental state and requested assistance.

On March 24, 2006, Defendant's supervised release conditions were modified to include mental health treatment which was provided to Defendant. Unfortunately, despite this treatment and the support of his probation officer, Defendant reverted to the serious illegal activities which resulted in this violation matter.

Defendant's behavior is a blatant disregard of his release conditions and warrants a strict punishment. Less than nine months into his supervision, Defendant returned to behavior which makes him a danger to the community. First, Defendant was clocked at ninety-five miles per hour on Route 95 and drove erratically in an effort to evade police. Fortunately, no injuries resulted from this behavior. Defendant neglected to bring this arrest to the attention of his probation officer as required. Second, Defendant was arrested approximately two weeks later after he was observed selling cocaine. Defendant was in possession of $3,620.00 and two cell phones when arrested. His customer was arrested with a bag containing .6 grams of cocaine.

The Government requested a low-end sentence of twenty-four months. The guideline range is twenty-four to thirty months. The Government indicated that it had represented to Defendant prior to the hearing that it would make a low-end recommendation if he admitted. Defendant's counsel did not make a sentencing recommendation and reserved his argument for final sentencing before Judge Torres. Defendant personally addressed the Court, but his explanation for his conduct was confusing and unconvincing.[1] Defendant's violations are flagrant and exhibit a complete disregard for the law. The Court agrees, however, that Defendant should be given some "credit" for admitting the violations and thus accepts the Government's low-end sentencing recommendation.

[1] At the hearing, the Court suggested that Defendant review his explanation with his attorney so that he could make a more coherent presentation at final sentencing.

## Conclusion

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of twenty-four (24) months of incarceration as to Counts I through IV, followed by a term of supervised release for a period of thirty-six (36) months only as to Counts II and III. I further recommend that, while on supervised release, Defendant participate in a mental health treatment program as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to pay for his supervision at the rate of $249.72 and to pay the outstanding balance ($6,442.88) of his fine.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 28, 2007